Judge Mills
delivered the opinion.
This case was heretofore decided by this court. The defendant below had filed a plea, to which tbe plaintiff demurred, and the court below bad sustained that demurrer and decided the plea insufficient, and rendered judgment for the plaintiff. That judgment was reversed and the plea decided to be good, and this court remanded tbe cause for new proceedings. Tbe opinion of this court, at one term, was entered of record in tbe court below, and no other proceedings were bad until the ensuing term, when there is an entry to this effect: — “ This day came tbe parties by their attornies, and the plaintiff filed a re-Ílication to tbe defendants second plea herein pleaded,” &c. lere follows a jury and judgment for the plaintiff, to re-ten» which this writ of error is prosecuted.
on overr«j-⅛ a piff’s demurrer, ⅞⅛ be entered for de- " the demurrer and files a ^ rep ica' ^
Turner & Hardin for plaintiff, Talbot ⅜* Bibb contra.
The correct mode of proceeding in the court below, on the return of the former opinion of this court, was to have entered a peremptory judgment on the demurrer for the defendant, unless the plaintiff had tendered a valid replication and asked leave to withdraw the demurrer, and file the replication. This, however, is not done, but the entry is made, of filing the replication only. Whatever may be the law with regard to both a plea and demurrer to the same declaration at the same time, it does not extend to any other part of the pleadings.
As to them, issues in law ought to he withdrawn before the issue, in fact, is made up, to make the record speak the faithful and complete history of the cause, and not present the absurdity of both admitting and denying, or avoiding the same facts at the same moment. We do not say tbat the rigid application of this rule, to this record, ought to reverse the judgment; for a liberal construction placed upon it might induce us to say that the filing of the replication was a virtual withdrawal or abandonment of the demurrer, if in fact any replication existed. But here there is no replication appears, and there is nothing to account for its absence, £fad there is no way of telling what issue was tried. The case then presents a valid plea in bar, unanswered by the plaintiff below, and yet a judgment against the defendant, without any issue found answering his plea with a negative or presenting an avoidance of Its effect. We cannot, therefore, according to well settled principles, sustain the judgment, and it must be reversed vyith costs and the cause retnanded, with directions to the court below to proceed on to execute the former opinion of ibis court, unless the plaintiff below shall present a valid replication and obtain leave to withdraw their demurrer, and form a good issue.